**State of Vermont**
**Superior Court—Environmental Division**

=====================================================================
# ENTRY REGARDING MOTION
=====================================================================

**In re Donovan Conditional Use Permit Application**          **Docket No. 83-6-12 Vtec**
**(Appeal from Town of Waterford Development Review Board)**

Title: Motion for Summary Judgment (Filing No. 1)

Filed: Nov. 16, 2012

Filed By: Applicant-Appellee Sean Donovan[1]

Response in Opposition filed on 12/4/12 by Appellant Howard Remick

Reply filed on 12/17/12 by Appellee Sean Donovan


 X  Granted In Part          X  Denied In Part                    ___ Other

Currently before the Court in this appeal is Appellee Sean Donovan's (Applicant) motion for summary judgment on the legal issues that Appellant Howard Remick (Appellant) raises in his Statement of Questions.[2]  Appellant appealed a May 28, 2012 decision by the Town of Waterford Development Review Board (DRB) granting Applicant a conditional use permit with conditions to operate an auto repair shop at 3335 Hale Road in the Town of Waterford (Town).  Appellant (1) alleges improper notice; (2) argues that Applicant's proposed use should be characterized as an "auto service station" under the Waterford Zoning Bylaw (Bylaw) and lacks sufficient lot size for that use; and (3) alleges that Applicant made a misrepresentation of material fact on his conditional use application concerning a watercourse on or adjacent to his property.

For the purpose of putting the pending motions into context, we recite the following facts, which we determine to be undisputed unless otherwise noted.

1.      The subject property is located in the Rural Residential District (RR District).
2.      The property includes a house with a detached garage.
3.      Applicant proposes to run an automobile repair business on the property.
4.      The parcel size is approximately 0.8 acres.

## Discussion

We may only grant a summary judgment request when a moving party (here, Applicant) has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).  We must "accept as true the [factual] allegations made in opposition to the motion for summary judgment" and give the non-moving party (here, Appellant) the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356; see V.R.C.P. 56(c).  Nonetheless,

---

[1] Attorney Hickey also represents several interested persons, but he signs theses filings  as "Attorney for Applicant Sean Donovan."

[2] Appellant submitted a Statement of Questions on July 18, 2012, revised on October 4, 2012.  We read the second submission in light of the first, as portions of the revised questions are unclear otherwise.

both the party claiming that a material fact is undisputed and the party seeking to establish a dispute of material fact must support their factual assertions with citations to admissible evidence. V.R.C.P. 56(c)(1); see Reporter's Notes—2012 Amendment, V.R.C.P. 56 ("Rules 56(c)(1)(B) and (c)(2) clarify that all asserted facts must be based on admissible evidence"). In considering a motion for summary judgment, our function is "not to make findings on disputed factual issues." Blake v. Nationwide Ins. Co., 2006 VT 48, ¶21, 180 Vt. 14; Gettis v. Green Mtn. Econ. Dev. Corp., 2005 VT 117, ¶ 19, 179 Vt. 117. In addition, the Court does not judge the credibility of the parties or their witnesses or the weight of the facts offered through the affidavits submitted on summary judgment. Provost v. Fletcher Allen Health Care, Inc., 2005 VT 115, ¶ 15, 179 Vt. 545 (stating that summary judgment is not warranted simply because a movant offers facts that appear more plausible than those tendered in opposition, or if one party appears unlikely to prevail at trial).

## I.    Notice.

Appellant's Question 1 alleges improper notice under 24 V.S.A. § 4464(a)(1)(B), which requires posting of the date, place, and purpose of the hearing "in three or more public places within the municipality . . . including posting within view from the public right-of-way most nearly adjacent to the property for which an application is made." The statute provides:

> No defect in the form or substance of any requirements in subdivision (1) or (2) of this subsection shall invalidate the action of the appropriate municipal panel where reasonable efforts are made to provide adequate posting and notice. However, the action shall be invalid when the defective posting or notice was materially misleading in content. If an action is ruled to be invalid by the environmental division or by the applicable municipal panel itself, the action shall be remanded to the applicable municipal panel to provide new posting and notice, hold a new hearing, and take a new action.

24 V.S.A. § 4464(a)(5).

In Waterford, the Town's practice is to simply issue posters to project applicants and to rely on project applicants to post the required information at subject properties. (See Exhibit 1 attached to Appellant's Reply to Applicant's Resp. in Opp., filed Dec. 4, 2012.) In this case, Applicant acknowledges that he failed to post the required notice at the property at issue, but he contends that this defect in notice caused Appellant no prejudice, because Appellant attended and participated in the hearing. Appellant does not deny participating at the hearing. Rather, Appellant alleges that Applicant told another neighbor that he (Applicant) purposefully failed to post a sign because he was "trying to keep [the project] on the 'QT' and keep a low profile." (Exhibit 1, attached to Appellant's filing of Dec. 4, 2012.) Appellant did not obtain a sworn affidavit from this neighbor or present any other evidence that would be appropriate for our consideration under V.R.C.P. 56(c) in support of this assertion. Although we warn that any attempt by Applicant to willfully subvert the public notice process might subject Applicant to sanctions, including but not limited to remanding the matter to the municipality to provide new posting and notice and to hold a new hearing, Appellant has not presented evidence sufficient to demonstrate misconduct by Applicant, nor has Appellant presented any evidence showing that efforts to provide notice were otherwise unreasonable or "materially misleading in content." Lastly, by participating in the proceeding and failing to articulate a cognizable injury stemming from the alleged notice violation, Appellant waived a claim of insufficient notice

under the statutory notice requirements[3] of 24 V.S.A. § 4464. Thus, we **GRANT** Applicant's motion for summary judgment on Appellant's Question 1.

## II.    Characterization of the project.

Appellant's Question 2 appears to ask whether Applicant's proposed use must comply with Bylaw § 316.01 and, if so, whether Applicant must obtain a waiver due to the size of the lot. When interpreting municipal bylaws, courts must give effect to the intent of the relevant legislative body. See Town of Killington v. State, 172 Vt. 182, 188 (2001); In re Vt. Nat'l Bank, 157 Vt. 306, 312 (1991). Courts look beyond the plain language of a law only when the language is unclear or ambiguous, or if applying the ordinary meaning makes the statute or bylaw ineffective or leads to irrational results. See In re Susan P., 169 Vt. 252, 262 (1999); Town of Killington, 172 Vt. at 189. In close cases, interpretation by municipal staff and zoning boards may be relied upon for guidance. In re Maple Tree Place, 156 Vt. 494, 499–500 (1991). When our analysis does not fully dispose of ambiguity in the applicable law, we are counseled to rule in favor of the landowner. In re Weeks, 167 Vt. 551, 555 (1998).

Bylaw § 316 is entitled "Auto Service Stations," and Bylaw § 316.01 imposes a minimum lot size of two acres for auto service stations. The Bylaw defines "auto service station" as:

> Any area of land, including structures thereon, that is used or designed to be used for the supply of gasoline or oil or other fuel for the propulsion of motor vehicles and which may include facilities used or de[s]igned to be used for polishing, greasing, washing, spraying, cleaning[,] or servicing such motor vehicles. A service station is not a sales or major repair agency for autos, trucks, or trailers.

Bylaw § 502. Under the plain meaning of this language, an "auto service station" must be used or designed to supply fuel that propels motor vehicles. Whether or not auto service stations include additional facilities (such as those for servicing motor vehicles), their defining characteristic remains the provision of fuel. Indeed, the definition specifically excludes "major repair agenc[ies]." We see no ambiguity in this definition.

Applicant does not propose to use the property "for the supply of gasoline or oil or other fuel for the propulsion of motor vehicles," but rather proposes to operate an auto repair shop from his garage. Thus, as a matter of law, Applicant's use does not fall under the definition of "auto service station," and consequently, Bylaw § 316 does not govern Applicant's use.[4] Accordingly, we **GRANT** Applicant's motion for summary judgment on Appellant's Question 2.

---

[3]  See In re Great Waters of Am., Inc., 140 Vt. 105 (1981), for a discussion of the distinction between constitutional due process notice requirements and statutory notice requirements in the land use context.

[4]  Appellant correctly points out that Bylaw § 316 begins with the introductory statement that "all auto service stations and repair facilities shall comply with [enumerated requirements]" (emphasis added). We read the words "and repair facilities" to refer not to separate, stand-alone repair shops such as the one that Applicant proposes, but rather to auto servicing stations' related servicing facilities mentioned within the definition in Bylaw § 502. Neither the Bylaw's zoning tables nor the Bylaw's definition section contains a separate designation for stand-alone auto repair facilities. The drafters of the Bylaw could have—but did not—create such a designation. Whether this omission was intentional or due to an oversight on the part of the drafters, this Court may not invent a land use designation where the applicable municipal bylaw does not provide for one. .

### III.    Alleged misrepresentation.

Appellant's Question 3 alleges that Applicant made material misrepresentations in his application.  Appellant alleges that there is a stream running across the property at issue that could impact the analysis of the project under the Bylaw.  In support of this contention, Appellant submits a map that he alleges he obtained from the Waterford Town Clerk's office showing a brook near a road labeled Silo Road.  Applicant alleges that his property merely contains a swale that directs water off the property during heavy rains.  Due to this dispute of material fact, we must **DENY** Applicant's motion for summary judgment on Appellant's Question 3.

For the reasons detailed above, we **GRANT** Applicant's motion for summary judgment on Appellant's Questions 1 and 2.  Remaining for our determination at trial is Appellant's Question 3.  Please see the enclosed notice of a status conference, during which the parties should be prepared to discuss whether they are ready for trial and, if so, be prepared to provide dates of unavailability for the months of June and July, 2013.

 

_____                     March 11, 2013
       Thomas G. Walsh, Judge                                                  Date

=========================================================================

Date copies sent: _____                          Clerk's Initials: _____

Copies sent to:

  Appellant Howard Remick
  Attorney Charles D. Hickey for Appellee Sean Donovan
  Attorney Charles D. Hickey for Interested Person Louis J. Bussiere
  Attorney Charles D. Hickey for Interested Person Mike Legendre
  Attorney Charles D. Hickey for Interested Person Jason Payeur
  Interested Person Town of Waterford