## In re Great Waters of America, Inc., et al., Land Use Permit Application No. 8B0209-EB

[435 A.2d 956]

No. 392-79

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed September 1, 1981

*Weber, Perra & Gibson,* Brattleboro, for Appellant.

*Witten & Carter, P.C.,* Bennington, for Appellees.

*John J. Easton, Jr.,* Attorney General, and *J. Scott Cameron,* Special Assistant Attorney General, Montpelier, for amicus curiae Environmental Board.

**Hill, J.** This case results from a decision by the Vermont Environmental Board dismissing appellant's motion to be admitted as a party in a land use application hearing before District Environmental Commission VIII. We affirm.

Procedures for notifying certain interested parties when a construction permit has been filed with the district commissioner are set out in 10 V.S.A. chapter 151. Resolution of this appeal turns on whether those procedures comply with due process requirements of the Fifth and Fourteenth Amendments of the United States Constitution.

The facts are not in dispute. On May 25, 1979, appellee, Great Waters of America, Inc., filed an application for a state land use permit, commonly known as an "Act 250" permit, to construct a water bottling factory in Manchester, Vermont, as required before developing or subdividing land, 10 V.S.A. §§ 6081, 6083. The applicant complied with the 10 V.S.A. § 6084(a) notice requirements, and the district commission, pursuant to 10 V.S.A. § 6084(b), forwarded notice and a copy

of the application to the Environmental Board and other state agencies. Notice of the application was published on May 24, 1979, in the *Manchester Journal*, thereby completing the 10 V.S.A. § 6084 notice requirements. Although notice in the newspaper was in fact published nine days after the application was filed rather than the seven days required, appellant did not raise the issue below, and we will not consider it here.

The Marguerite A. deT. Clark Trust (Clark Trust), appellant here, is the owner of land adjoining the property involved in the Act 250 application procedure here in dispute. Mary Clark Hodge, a beneficiary of the trust, resides in Philadelphia, Pennsylvania. She subscribes to the *Manchester Journal*, but apparently did not see the construction application notice, and only heard of the Vermont proceedings through a telephone call from another adjoining landowner the night before the hearings on the application were scheduled. Hearings were held on June 22 and June 27, 1979. On July 2, the Clark Trust filed a motion to extend the deadline the commissioner had imposed for filing documentary evidence. On July 3, the Trust filed a motion to be admitted as a party to the proceedings.

Certain entities specified in 10 V.S.A. § 6084 receive personal notice of a permit application and are automatically included as parties at the hearings and in any subsequent appeals. 10 V.S.A. § 6085(c). Adjoining landowners, however, need not be sent personal, actual notice, 10 V.S.A. § 6084(a), (b), and constructive notice is provided by requiring the Act 250 permit application to be posted at the local town clerk's office, 10 V.S.A. § 6084(a), and published in a local newspaper of general circulation in the area, 10 V.S.A. § 6084(b). Adjoining landowners, in addition, do not automatically become parties to the proceedings, but must either request a hearing within fifteen days of receipt of notice via 10 V.S.A. § 6085(a) or petition the district commission in advance of the hearings to be joined as a party pursuant to Environmental Board Rule 12(c).

The Commission accordingly denied both the motion to be joined as a party and the motion for extension of time to file documentary evidence. The Clark Trust appealed the Commission's decision to the Board, pursuant to 10 V.S.A. § 6089(a). After hearings, the appeal was dismissed and appellant was denied party status. Although five questions have been certi-

fied to the Court on appeal, the gravamen of the case is appellant's contention that the District Commission's failure to provide the Trust with personal notice of its proceedings and·its subsequent refusal to grant the Trust party status constituted a deprivation of a constitutionally protected property right without due process in violation of the United States Constitution. Since the Commission fulfilled the statutory notice requirements of 10 V.S.A. chapter 151, appellant's main contention actually is that the statute falls short of the notice and full hearing requirements inherent in the due process clause of the Constitution.

■■ Analysis of a claim of deprivation of property without due process of law commences with a determination of whether any right requiring constitutional protection in fact is involved. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents* v. *Roth,* 408 U.S. 564, 569 (1972). Those interests are not created by the Constitution. *Id.* at 577. "[T]hey are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

Appellant's claim involves interests created in 10 V.S.A. chapter 151—the right of landowners to participate in Act 250 hearings if adjoining property is the subject of a construction permit application. Appellant contends that in order to protect that interest, actual notice of the Act 250 hearings must be provided.

Courts have been reluctant to define with exactness the rights guaranteed by the due process clause. See *Meyer* v. *Nebraska,* 262 U.S. 390, 399 (1923). The right claimed here, however, does not involve the "liberty" interest elucidated in *Meyer,* which encompasses a person's freedom to make private choices without governmental interference. Nor does the claimed interest affect "property" such as appellant's "good name, reputation, honor or integrity," and thus demand full due process protection, see *Wisconsin* v. *Constantineau,* 400 U.S. 433, 437 (1971), or preclude appellant's future ability to make a living, see *Joint Anti-Fascist Refugee Committee* v.

*McGrath,* 341 U.S. 123, 140–41 (1951). Appellant does not claim that denying party status at the Act 250 hearings was based on an attempt to hinder his right of free speech, see *Freedman* v. *Maryland,* 380 U.S. 51, 56 (1965), or to deny other freedoms guaranteed by the Bill of Rights and encompassed by the Fourteenth Amendment, see *Monroe* v. *Pape,* 365 U.S. 167, 171 (1961).

■■ Here the property interest which appellant claims is itself conditioned by procedural limitations. As was the situation in *Arnett* v. *Kennedy,* 416 U.S. 134 (1974), appellant claims the benefit provided by the legislature while attacking its limitations. And like in *Arnett,* where an employee's right to employment was involved, the threatened interest claimed here is not a "liberty" or "property" entitlement protected by the Fourteenth Amendment. See *Paul* v. *Davis,* 424 U.S. 693 (1976). Cf. *Goldberg* v. *Kelly,* 397 U.S. 254 (1970) (evidentiary hearings must precede termination of public assistance payments). In *Arnett* the effort was answered: "[W]here the grant of a substantive right is inextricably intertwined with the limitations on the procedures which are to be employed in determining that right, a litigant . . . must take the bitter with the sweet." 416 U.S. at 153–54. Although *Arnett* was only a plurality decision, *Bishop* v. *Wood,* 426 U.S. 341 (1976), indicates that the "bitter with the sweet" approach to this type of claim now represents the view of the majority of the United States Supreme Court.

■■ There is no doubt, then, that the legislature could have precluded adjoining landowners from participating in Act 250 proceedings. That body, however, sought to balance the interests of developers and the environmental interests of adjoining landowners and localities, see *In re Wildlife Wonderland, Inc.,* 133 Vt. 507, 520–21, 346 A.2d 645 (1975), and thus attempted to increase participation in permit application hearings. Recognizing the burden of providing actual notice to all adjoining landowners, the legislature struck a compromise, allowing them to become parties to the hearings if, upon receipt of constructive notice, they notified the Commission within a statutory time limit. We will not sit in judgment of that scheme. And since there is no "liberty" or "property"

interest involved that is protected by the Fourteenth Amendment, and thus requiring full due process notice and hearing protection, the constructive notice procedures are legally adequate.

Appellant notes that the notice provisions might also violate the Vermont Constitution, but fails to offer any substantiation; further, the discussion, *supra,* covers any possibility that the statute violates the state constitution.

■ The notice provisions outlined in 10 V.S.A. § 6084 were properly followed. Therefore, since appellant did not notify the Commission of an intention to become a party within the statutory time limit or properly petition to become a party according to the Board rules, subsequent motions to be admitted as a party and to extend the deadline for filing documentary evidence were properly denied. The certified questions regarding appellant's standing to challenge the notice requirements and the Environmental Board's jurisdiction to decide the challenge therefore need not be addressed.

*Judgment affirmed.*