### In re Richard and Sandra Conway

[567 A.2d 1145]

No. 88-465

Present: **Allen, C.J., Peck, Dooley and Morse, JJ.**

Opinion Filed September 22, 1989

---

*James P.W. Goss* of *Abell, Kenlan, Schwiebert & Hall, P.C.*, Rutland, for Appellants.

*John J. Kennelly* of *Carroll, George & Pratt*, Rutland, for Appellees.

**Morse, J.** Richard and Sandra Conway, applicants for an Act 250 permit to establish an automotive repair and used car business on Route 3 in Pittsford, Vermont, appeal an order of the Environmental Board remanding the matter to the District Commission for a hearing on the merits. The remand was or-

dered because actual notice of the permit process had not been given to a property owner across the road from the subject property, as required by Board procedure. We affirm.

The instructions included with the Act 250 application directed the Conways as follows:

> Submit to the District Coordinator a list of all adjoining land owners to the project, with their addresses. Include adjoiners to all lands owned or controlled by the applicant which are contiguous to the involved parcel. Include adjoiners on opposite sides of streets, highways, and railways. Include homeowner associations, persons with easements, tenants, or any other with legal interest in the project lands.

Before filing the application, Mr. Conway met on several occasions with the Assistant District Coordinator at the District Commission office in Pittsford, for instruction. Mr. Conway asked if Robert and Margaret Fish, who lived across the road, had to be listed on the application as adjoiners. The official led Mr. Conway to believe that it did not matter whether the Fishes were listed; the application would be considered proper either way.

The Conways submitted their application on August 25, 1987. The application—considered a "minor application"—listed some adjoining owners but not the Fishes. Actual notice was given to those listed, and published notice in the Rutland Herald on August 28 stated that any party wanting a hearing must request it by September 10. When the Fishes discovered, after the deadline, that the Conways had filed an Act 250 application, they requested a hearing. A hearing was convened on October 13, but dismissed at the Conways' request without reaching the merits of the application. On December 3, 1987, the Commission issued a permit to the Conways. The Fishes took an appeal to the Environmental Board, which voided the permit and remanded the matter to the Commission. This appeal followed.

"Minor applications" are governed by Environmental Board Rule 51, which provides for published notice and written notice under 10 V.S.A. § 6084. The statute provides in pertinent part:

(a) On or before the date of filing of application the applicant shall send notice and a copy of the application to a municipality, and municipal and regional planning commissions wherein the land is located, and any adjacent Vermont municipality, municipal or regional planning commission if the land is located on a boundary. The applicant shall furnish to the district commission the names of those furnished notice by affidavit, and shall post a copy of the notice in the town clerk's office of the town or towns wherein the land lies.

(b) The district commission shall forward notice and a copy of the application to the board and any state agency directly affected, and *any other* municipality or state agency, or *person the district commission or board deems appropriate.* Notice shall also be published in a local newspaper generally circulating in the area where the land is located not more than 7 days after receipt of the application.

(Emphasis added.) Environmental Board Rule 10(F) imposes further duties on the applicant:

The applicant shall file with the application a list of adjoining property owners to the tract or tracts of land proposed to be developed or subdivided, unless this requirement is waived by the district coordinator. Provision of personal notice to adjoining property owners . . . shall be solely within the discretion and responsibility of the district commission.

 The Conways argue that Mr. Fish was not entitled to actual notice under the statute, § 6084. We agree. The statute, however, is amplified by agency regulations. Rules promulgated by an agency to govern its affairs have "the force and effect of law." *Committee to Save the Bishop's House v. Medical Center Hosp. of Vt., Inc.,* 136 Vt. 213, 216, 388 A.2d 827, 829 (1978). "Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required." *Morton v. Ruiz,* 415 U.S. 199, 235 (1974).

■ Rule 10(F) vests discretion in the District Commission over the provision of personal notice to adjoining property owners. Here, however, the Commission did not exercise discretion; it took no action at all. The Assistant District Coordinator merely indicated to the Conways, according to his own affidavit, that he "would probably deem the application substantially complete" whether the Fishes were listed or not. Notice to the landowners was thereby "left to the responsibility of the applicant." In the Assistant Coordinator's view, the Commission's "practice [was] to supply notice to adjoiners more or less as a courtesy rather than a legal requirement." On this matter, the official misunderstood his duties. The Commission, not the Coordinator or other individual officers, is vested with sole discretionary authority over the provision of notice to adjoiners.

The Conways rely on *In re Great Waters of America, Inc.,* 140 Vt. 105, 435 A.2d 956 (1981). That case stands for the proposition that constructive notice by publication to such owners is constitutionally sufficient. *Id.* at 109, 435 A.2d at 959. Our holding here, however, is not that personal notice to the Fishes was constitutionally required, but that it was required by Environmental Board rules unless the District Commission reasonably decided otherwise.

■ The Conways also argue that they and the Fishes are not "adjoining property owners" because the road between them is owned by the state. It is apparent, however, that the Board rule contemplates a broader reading of "adjoining properties" since the application calls for "adjoiners on opposite sides of streets." The Board's construction also makes sense in light of the purpose of the notice provision: those who live across the road are as affected as contiguous adjoiners by a neighbor's development.

■ Finally, the Conways maintain that the state is estopped from denying a permit because the Conways relied on the Coordinator's advice that notice need not be given to the Fishes. Estoppels against the government, however, "are rare and are to be invoked only in extraordinary circumstances." *In*

re *McDonald's Corp.*, 146 Vt. 380, 383, 505 A.2d 1202, 1203–04 (1985). Moreover, the Conways cannot benefit from the doctrine of equitable estoppel unless they relied to their detriment on the Coordinator's conduct. See *id.* at 383–84, 505 A.2d at 1204. Here they have not done so. The Conways are in a position no worse than they would have been had the Coordinator given the correct advice. Cf. *My Sister's Place v. City of Burlington*, 139 Vt. 602, 608–10, 433 A.2d 275, 279–80 (1981) (owner of cultural center began extensive renovations in reliance on city fire warden's list of improvements to meet fire code requirements; city estopped from disclaiming liability for damages). Furthermore, the Conways knew that the Act 250 application directed them to submit a list of all adjoining landowners. "Courts will not predicate an estoppel in favor of one whose own omissions or inadvertence contributed to the problem." *Town of Bennington v. Hanson-Walbridge Funeral Home, Inc.*, 139 Vt. 288, 294, 427 A.2d 365, 369 (1981).

In light of the Board's own rules, the District Commission's issuance of a permit to the Conways cannot be sustained. A remand to the Commission is in order.

*Affirmed.*