# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 45-3-19 Vtec

| Robertson Variance |
| --- |

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Variance (45-3-19 Vtec)

Title:           Motion for Party Status (Motion 1)

Filer:           Peter and Lianne Thomashow

Attorney:     Nathan H. Stearns

Filed Date:    April 10, 2019

Response in Opposition filed on 06/20/2019 by Attorney Oliver L. Twombly for Appellee Gil Robertson

Reply filed on 06/28/2019 by Attorney Nathan H. Stearns for Appellants Peter and Lianne Thomashow

**The motion is GRANTED.**

Peter and Lianne Thomashow appeal a Town of Strafford Development Review Board ("DRB") decision granting Gil Robertson a variance. The variance at issue permits Mr. Robertson to construct a garage within the side and rear setbacks of his property at 7 Brook Road in Strafford, Vermont. The Thomashows live at the property next door, which adjoins Mr. Robertson's land on the side where he proposes to construct the garage. Presently before the Court is the Thomashows' motion for party status, which asserts that they should be accorded standing to bring this appeal even though they did not participate in the DRB hearing on the variance.[1]

Parties have standing to appeal a municipal decision when they are "interested persons" under 24 V.S.A. § 4465(b) who participated in the relevant municipal proceeding pursuant to 24 V.S.A. § 4471(a). See 10 V.S.A. § 8504(b)(1).

---

[1] While "party status" is a term for standing that is much more common in the Act 250 context, we recognize that the Thomashows move to assert their standing to bring this municipal zoning appeal pursuant to V.R.E.C.P. 5(d)(2). Their choice of terminology is understandable, given that Rule 5(d)(2) refers to party status without distinguishing between Act 250 and municipal zoning appeals.

The participation requirement does have exceptions.  Relevant here, interested persons who did not participate below may be permitted to pursue an appeal under 10 V.S.A. § 8504(b)(2).  Per subsection (A) of this statute, parties who did not participate in the municipal hearing may appeal if this Court determines that a procedural defect prevented their participation.  Under subsection (C) of the same, this Court may allow an appeal without participation below upon a determination that "some other condition exists which would result in manifest injustice if the person's right to appeal was disallowed."

Appellants asserting party status under § 8504(b)(2) bear the burden of establishing their standing.  In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 19, 188 Vt. 262 (citing Reporter's Notes—V.R.E.C.P. 5).  This Court has discretion in deciding whether an appellant is entitled to party status under this statutory section.  In re Appeal of MDY Taxes, Inc., 2015 VT 65, ¶ 7, 199 Vt. 248 (citation omitted).

Here, the Thomashows acknowledge that they did not participate in the February 20, 2019 DRB hearing on Mr. Robertson's variance.  Thus, they proceed along the path to standing offered by § 8504(b)(2)(A) and (C).  As required by V.R.E.C.P. 5(d)(2), they submitted the present motion for party status before the filing deadline for their Statement of Questions.

The Thomashows assert that they did not receive formal notice of the February 20, 2019 hearing on the variance.[2]  Instead, they learned of the variance and hearing from Mr. Robertson himself.  Then, in an attempt to gather more information, the Thomashows contacted both John Echeverria, a former member of the Town of Strafford Planning Commission, and Martha Walke, a current member of the DRB.

The parties dispute the contents of the Thomashows' conversation with Ms. Walke and support their respective positions with affidavits filed with the Court.[3]  The Thomashows offer that they did not attend or otherwise participate in the February 20, 2019 hearing because Ms.

---

[2]  A municipality's failure to notify adjoining property owners of a hearing relevant to their interests can itself qualify as a "procedural defect" under 10 V.S.A. § 8504(b)(2)(A) that allows the property owners to appeal if they did not participate due to the lack of notice.  See, e.g., In re Main St. Place LLC Demolition Permit, No. 163-8-09 Vtec (Vt. Envtl. Ct. Feb. 12, 2010) (Durkin, J.).  Here, however, the parties dispute whether the DRB properly warned the variance hearing.  Rather than prolong this matter by initiating a fact-intensive inquiry into the adequacy of the notice provided, we resolve the present motion on the grounds detailed below.

[3]  Mr. Robertson filed his opposition to the Thomashows' motion for party status after the time for such a response expired.  With regards to the justifications Mr. Robertson offers for the delay, we first note that the case law and procedural rules related to default judgments, including Civil Rules 55(c) and 60(b), which Mr. Robertson relies upon heavily, are not applicable in this circumstance.  We have not entered judgment in this matter or resolved the Thomashows' motion.

However, given that Mr. Robertson was self-represented when the Thomashows filed their motion and the Thomashows agreed to allow Mr. Robertson thirty days to obtain counsel at the June 3, 2019 initial conference in this matter, after which time Mr. Robertson's newly-hired attorney promptly filed his opposition, it is appropriate for this Court to consider Mr. Robertson's filing despite the delay.  Further, the Thomashows do not offer any argument to the contrary or demonstrate that prejudice might result from this course of action.  Mr. Robertson's filing also rounds out the issues presently before the Court.  For these reasons, this Court **GRANTS** Mr. Robertson's motion to allow his response to be filed out of time.

Walke led them to believe that Mr. Robertson's variance would not be discussed or resolved at the February 20, 2019 hearing and their attendance was not necessary.

Mr. Robertson asserts, in reliance on an affidavit from Ms. Walke, that Ms. Walke only informed the Thomashows that she did not know whether the DRB warned the variance issue for February 20, 2019, and therefore did not know whether the variance would be conclusively resolved on that date. According to Mr. Robertson and Ms. Walke, she further informed them that their attendance at any DRB hearing was not compulsory.

While the precise nature of their conversation, the representations made, and the understanding gleaned is contested by the parties, there was plainly a misunderstanding between the Thomashows and Ms. Walke. Considering those facts that are not disputed, the Thomashows have attempted to assert their rights to contest the variance since they first learned of Mr. Robertson's application. They have asserted those rights in a timely, consistent fashion. It would not be fair to deprive these diligent parties of the ability to appeal on the basis of a reasonable misunderstanding. Further, denying the Thomashows the opportunity to pursue this appeal would allow representations made to the DRB that indicated the Thomashows' approval of the variance—representations that the Thomashows consent—to go unremedied.

The totality of these factors leads us to conclude that the Thomashows have established a basis under 24 V.S.A. § 8504(b)(2)(A) and (C) for their standing. Accordingly, we **GRANT** their motion for party status.

**So Ordered.**

Electronically signed on July 08, 2019 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Nathan H. Stearns (ERN 3585), Attorney for Appellants Peter and Lianne Thomashow

Oliver L. Twombly (ERN 3690), Attorney for Appellee Gil Robertson

The Town of Strafford

Terrence V. Garrison (FYI Purposes Only)