NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2024 VT 51

No. 24-AP-039

| | |
|---|---|
| In re Burchard Road Petition to Abandon Land Use Permit Denial (Myrna Nathin, Appellant) | Supreme Court |
| | On Appeal from Superior Court, Environmental Division |
| | May Term, 2024 |

Thomas S. Durkin, J.

Jon T. Anderson of Primmer Piper Eggleston & Cramer, PC, Burlington, for Appellant.

Adam, Kathleen, and Michael Beasley, Pro Se, Putney, Appellees.

PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1. **REIBER, J.** Neighbor Myrna Nathin appeals the denial of her motion for relief from a judgment of the Environmental Division declaring an Act 250 land-use permit for an adjoining property to be abandoned. Neighbor argues that the Environmental Division should have vacated the order and reopened the abandonment proceeding because she was not provided with adequate notice of the petition to abandon the permit. We conclude that the Environmental Division properly denied neighbor's motion under Vermont Rule of Civil Procedure 60(b) and therefore affirm the decision below.

¶ 2. This appeal concerns a multi-acre tract of land on Burchard Road in Dover, Vermont. In 1990, previous owners of the subject property sought an Act 250 permit to develop it as part of a planned subdivision. Neighbor, whose property abuts a portion of the subject

property, was granted party status in the 1990 permit proceeding as it related to waste disposal and soil erosion. The district commission granted a permit in May 1993 allowing the applicants to subdivide the property into twenty lots and "to construct 2,335 linear feet of roadway, 3,042 feet of eight-inch sewer main, 3,000 feet of sewer line, a fire protection pond, approximately 985 feet of eight[-]inch fire protection water main and hydrants[,] and pave the roads in the development." The permit required construction of infrastructure to be completed by October 1998 and house construction to be completed by October 2005. The district commission subsequently extended these deadlines to require infrastructure to be completed by 2005 and homes to be completed by 2020. However, construction apparently never began.[1]

¶ 3.     Landowners Adam, Kathleen, and Michael Beasley acquired a portion of the property from the heirs of the original permit applicants in April 2022. Because landowners did not intend to develop the permitted subdivision project, they filed a petition with the district commission to abandon the permit pursuant to 10 V.S.A. § 6091(b) and Act 250 Rule 38(D). See Act 250 Rules, Rule 38(D), Code of Vt. Rules 12 004 060, https://nrb.vermont.gov/sites/nrb/files/documents/2015%20Adopted%20Rules.pdf [https://perma.cc/3Z76-67EA]. Landowners provided the district commission with a list of interested persons, including neighbor. In August 2022, the district commission declined to review the petition, reasoning that by prior order the "Environmental Law Division of the Superior Court of Washington County established Act 250 jurisdiction over the lots that the Petition seeks to abandon" and therefore the superior court had jurisdiction over the permit. The district commission sent copies of its decision to all interested persons and entities, including neighbor at the address that landowners provided. Landowners

---

[1]     Neighbor asserted below and in her reply brief that a fire-protection pond was constructed. Landowners assert that improvements were made to a pond on other property that is not subject to Act 250 jurisdiction. We need not resolve whether this constituted use sufficient to prevent abandonment of the permit because as discussed below, we conclude that neighbor lacked standing to seek relief from the abandonment order.

2

appealed to the Environmental Division and in September 2022 published public notice of the appeal in a local newspaper. Following proceedings in which neighbor did not appear and only landowners and the Natural Resources Board participated, the Environmental Division entered a stipulated judgment and order on January 9, 2023, ruling that the permit was abandoned. No appeal was taken from that order.

¶ 4.     Nine months later, in October 2023, neighbor filed a motion for relief from judgment pursuant to Vermont Rule of Civil Procedure 60(b), asking the Environmental Division to "void" the January 2023 order and reopen the abandonment proceeding. Neighbor, who lives in New Jersey, asserted that she did not receive the notice mailed by the district commission to her Vermont street address because the post office does not deliver mail there. She alleged that she first became aware of the permit abandonment when her son visited her property in August 2023 and observed new construction on landowners' property. Neighbor argued that the order should be vacated due to mistake or misrepresentation because landowners failed to mention in their petition for abandonment that a fire-retention pond had been constructed.

¶ 5.     In January 2024, the court denied neighbor's motion, concluding that she lacked standing to file a Rule 60(b) motion because she was not a party. See V.R.C.P. 60(b) (stating that upon motion, "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding" (emphasis added)). The court also reasoned that Vermont Rule of Appellate Procedure 4(c) could not provide neighbor with relief because it permits reopening the time for appeal only when the motion is filed within "90 days of entry of the judgment or order or within 14 days of receipt of notice of the judgment or order, whichever is earlier." Neighbor filed her motion more than a year after the district commission's order and more than eighty days after receiving actual notice of the judgment, which precluded relief under Rule 4(c). The court therefore denied neighbor's motion. Neighbor appealed to this Court.

¶ 6. Before reaching neighbor's arguments, we must first address landowners' claim that this Court lacks jurisdiction over neighbor's appeal because it was not timely filed. See Casella Const., Inc. v. Dep't of Taxes, 2005 VT 18, ¶ 11, 178 Vt. 61, 869 A.2d 157 ("The timely filing of a notice of appeal is a jurisdictional requirement."). Landowners argue that neighbor failed to appeal the January 2023 abandonment order within thirty days and the appeal period was not tolled by neighbor's Rule 60(b) motion because it was filed more than twenty-eight days after the judgment. See V.R.A.P. 4(a) (requiring notice of appeal to be filed within thirty days after entry of judgment), 4(b) (tolling appeal period if party timely files certain motions). Landowners contend that we lack jurisdiction to review an order denying a Rule 60(b) motion if the appeal is filed more than twenty-eight days after the order and is not seeking relief from a default judgment.

¶ 7. The tolling provisions cited by landowners would be relevant if neighbor was seeking to appeal the January 2023 order. However, neighbor is not appealing that order—she is appealing the denial of her Rule 60(b) motion. An order denying a Rule 60(b) motion is a final appealable order, regardless of when the motion is filed. See Browder v. Dir., Dep't of Corr. of Illinois, 434 U.S. 257, 263 n.7 (1978) (stating that appeal may be taken from ruling on Rule 60(b) motion, although "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review"); C. Wright et al., 11 Fed. Prac. & Proc. Civ. § 2871 (3d ed.) ("An order denying a motion under Rule 60(b) is final and appealable."). Neighbor filed her notice of appeal on February 2, 2024, within thirty days of the Environmental Division's January 12, 2024 order denying her motion. We therefore have jurisdiction to review that order. Casella Const., Inc., 2005 VT 18, ¶ 11.

¶ 8. We turn to the merits of neighbor's appeal. By statute, an Act 250 permit is considered to be abandoned if it is not used for three years following the date of issuance. 10 V.S.A. § 6091(b). The Natural Resources Board has promulgated a process through which a permit holder or other party may file a petition with the district commission to declare a permit

4

abandoned. The relevant agency rule, Act 250 Rule 38(D), requires the district commission to "provide at least 20 days' notice of the proceeding to . . . all persons who were parties to the permit proceedings." As a party to the original permit proceeding, neighbor was entitled to receive notice of the abandonment petition.[2] Neighbor's primary argument on appeal is that because the district commission's notice to her was ineffective, the Environmental Division was required by this Court's decision in In re Conway, 152 Vt. 526, 567 A.2d 1145 (1989), to vacate the January 2023 abandonment order and reopen the proceeding so that she could participate.

¶ 9.     In Conway, the applicants failed to notify the owners of an adjoining parcel when they applied for an Act 250 permit for an automotive repair business. After the deadline for requesting a hearing on the application had passed, but before the permit issued, the neighbors requested a hearing. The district commission declined to hold a hearing and issued the permit. The neighbors appealed to the Environmental Board, which voided the permit and remanded for a new hearing.[3] The applicants appealed the decision to this Court. We affirmed, holding that the Board acted properly in reopening the proceeding because the district commission improperly left the decision of whether to notify adjoining landowners to the permit applicants. Id. at 530, 567 A.2d at 1146. We concluded that the district commission had violated an Environmental Board rule that required applicants to file a list of adjoining property owners and granted the commission sole discretion over whether to provide notice. Id. We noted that the applicants knew they were

---

[2]     Both neighbor and her husband were parties to the original permit proceeding. Neighbor's husband subsequently died and neighbor transferred the property to herself as trustee for a family trust. Landowners argue that the change in ownership means that neighbor was no longer entitled to notice as a party to the original permit proceedings. We are unpersuaded by this claim, as neighbor is undisputedly a "person" who was a party to the original proceedings. Rule 38(D). Landowners conceded as much by listing neighbor and her husband as person with previous party status in their petition for abandonment.

[3]     The Environmental Division has since replaced the Environmental Board as the tribunal with jurisdiction over Act 250 appeals. Prior Environmental Board decisions have the same precedential value as Environmental Division decisions. 10 V.S.A. § 8504(m).

required to submit a list of all adjoining landowners to the district commission, suggesting that the applicants had intentionally chosen not to notify the neighbors based on discussions with an official at the district commission who indicated that "it did not matter whether [the neighbors] were listed." Id. at 528, 531, 567 A.2d at 1146, 1147.

¶ 10. According to neighbor, Conway signifies that "a party who is denied notice of an Act 250 proceeding as such notice is required by the applicable Act 250 Rules must receive a hearing to contest the result of such proceeding." However, we rejected this interpretation of Conway in In re White, 172 Vt. 335, 339, 779 A.2d 1264, 1268 (2001). In that case, the neighbor of a permit holder filed a petition to revoke the permits based on the holder's failure to provide the neighbor with notice during the permit application process approximately fifteen years earlier. Relying on Conway, the Environmental Board revoked the permits, even though the permit holder's omission had been inadvertent.

¶ 11. On appeal, we held that the Board's decision "represent[ed] an over-extension and misapplication of our holding in In re Conway, . . . and [wa]s an application of the decision to fact patterns In re Conway was not intended to reach or address." Id. at 340, 779 A.2d at 1268-69. We noted that in Conway, the permit application process was still pending when the neighbors sought to intervene. Id. at 340, 779 A.2d at 1269. We further explained that in Conway, the district coordinator had impermissibly delegated his discretion to the permit applicants over whether to provide notice to the adjoining landowners. Id. at 341, 779 A.2d at 1269. The Board's decision in Conway to vacate the permit and remand the matter was proper not because the applicants failed to provide notice, but because the district commission failed to adhere to its own rules when it allowed the applicants to decide who would receive notice. Id. We clarified that:

> Conway does not stand for the proposition that an applicant's failure to list an adjoining landowner on a permit application somehow renders that permit void or even that it is a violation of a Board rule; rather it simply stands for the proposition that the district coordinator and the district commissions must adhere to their own

6

> established procedures for processing permit applications, and failure to do so is reversible error.

Id. We emphasized that "Conway does not require the Board to void or revoke permits merely based on the inadvertent omission of an adjoining landowner from the list required on permit applications no matter when this oversight is discovered." Id.

¶ 12. Here, as in White, the permit abandonment process had already become final when neighbor filed her Rule 60(b) motion seeking to reopen the abandonment order. Unlike in Conway, there is no suggestion that the lack of notice to neighbor was intentional. Instead, the record shows that landowners provided neighbor's name and Vermont address to the district commission, and the district commission sent notice of its decision declining jurisdiction to that address. Neighbor claims that her Vermont address is "not a legal mailing address," but there is no evidence that landowners knew the address would be ineffective. Most importantly, the district commission did not fail to adhere to its own rules or improperly delegate its discretion over who should receive notice. See id. (explaining that import of Conway is that district commissions "must adhere to their own established procedures for processing permit applications, and failure to do so is reversible error"). Just as Conway does not automatically require a permit to be voided or revoked when an adjoining landowner is inadvertently omitted from a permit application, nothing in Conway required the Environmental Division to vacate the abandonment order here.

¶ 13. Neighbor also claims that the January 2024 denial of her Rule 60(b) motion for lack of standing was contrary to the Rules of Environmental Court Proceedings and was inappropriate given the lack of formal notice in environmental appeals. Neighbor points to Environmental Rule 5(a)(2), which makes the Rules of Civil Procedure apply only "so far as applicable," and to Environmental Rule 1, which requires that the rules "be construed and administered to ensure summary and expedited proceedings consistent with a full and fair determination in every matter coming before the court." V.R.E.C.P. 1, 5(a)(2). Neighbor argues that unlike other civil cases,

putative parties in Environmental Division proceedings do not receive a summons pursuant to Vermont Rule of Civil Procedure 4.[4] Absent such an assurance of notice, neighbor argues, restricting Rule 60(b) to parties undermines the requirement of providing a "full and fair determination in every matter." V.R.E.C.P. 1. She asserts that "party status must be broadly interpreted in cases reaching a court without a Rule 4 summons."

¶ 14. The correct interpretation of procedural rules is a question of law that we review de novo. State v. Amidon, 2008 VT 122, ¶ 16, 185 Vt. 1, 967 A.2d 1126. "In assessing the meaning of the rule, we examine the language and purpose of the rule." Fed. Nat'l Mortg. Ass'n v. Johnston, 2018 VT 51, ¶ 5, 207 Vt. 473, 189 A.3d 567. Where, as here, our rule is "substantially identical" to its federal counterpart, Reporter's Notes, V.R.C.P. 60, "we look to federal cases interpreting the federal rule for guidance." Amidon, 2008 VT 122, ¶ 16.

¶ 15. On its face, Rule 60(b) allows relief from judgment only to "a party or a party's legal representative." Consistent with this plain language, federal courts have recognized that "the general rule is that one must either be a party or a party's legal representative in order to have standing to bring any Rule 60(b) motion." Kem Mfg. Corp. v. Wilder, 817 F.2d 1517, 1520 (11th Cir. 1987) (collecting cases). Neighbor never appeared in the Environmental Division when it considered landowners' petition to abandon the permit. Neighbor was not a party or the legal representative of a party to the Environmental Division proceeding, and therefore is not entitled to seek relief under the plain language of the rule.

¶ 16. Federal courts have permitted nonparties to seek relief under Rule 60(b) where there has been fraud on the court, Southerland v. Irons, 628 F.2d 978, 980 (6th Cir.1980), or where the nonparty is in privity with a party. See, e.g., Ingerton v. First Nat'l Bank & Trust Co. of Tulsa,

---

[4] Section 8504(c)(1) of Title 10 requires a person filing an appeal to the Environmental Division from a decision of the district commission to "notify all parties who had party status as of the end of the District Commission proceeding" and to publish notice of the appeal in a local newspaper. Neighbor does not argue that landowners failed to comply with this provision.

291 F.2d 662, 664 (10th Cir. 1961); but see <u>Kem</u>, 817 F.2d at 1517 ("It is not clear that the privity exception does any more than restate in different language the rule that persons tantamount to a party may be allowed standing."). In a few cases, the Second Circuit has allowed nonparties to proceed under Rule 60(b) where the facts demonstrated that they were sufficiently connected and identified with the action to have standing under the rule. See <u>Irvin v. Harris</u>, 944 F.3d 63, 70 (2d Cir. 2019) (holding that nonnamed members of class action had standing to file Rule 60(b) motion where record showed that they were not adequately represented during litigation by named representatives or class counsel); <u>Grace v. Bank Leumi Trust Co. of New York</u>, 443 F.3d 180, 188 (2d Cir. 2006) (holding nonparty was "strongly affected" by judgment entered into by plaintiffs against judgment-proof defendant with intent to collect against nonparty for allegedly receiving fraudulent conveyances, and could therefore seek relief under Rule 60(b) (quotation omitted)); <u>Dunlop v. Pan Am. World Airways, Inc.</u>, 672 F.2d 1044, 1052 (2d Cir. 1982) (holding that former airline employees sufficiently affected by Secretary of Labor's discrimination suit against airline to file Rule 60(b) motion seeking clarification that judgment accepting settlement did not bar them from pursuing individual state-law claims against airline). The Second Circuit has described those decisions as narrow and limited to the specific facts of each case. <u>Irvin</u>, 944 F.3d at 72 (Lohier, J., concurring); <u>Grace</u>, 433 F.3d at 188-89; <u>Dunlop</u>, 672 F.2d at 1052 n.8.

¶ 17.   Neighbor does not argue that any of these exceptions apply here.  Instead, she claims that party status for purposes of Rule 60(b) should be broadly interpreted in environmental appeals because putative parties do not receive notice consistent with Rule 4 in such proceedings. In support of this claim, she points to <u>R.M.S. Titanic, Inc. v. Wrecked & Abandoned Vessel</u>, 920 F. Supp. 96, 98 (E.D. Va. 1996), in which a federal district court sitting in admiralty held that a nonparty had standing to bring a Rule 60(b) motion to reopen a prior order naming another entity the salvor-in-possession of the Titanic.  The court reasoned that because judgments in rem are binding "against all of the world," "the whole world are parties who may request relief from the

9

judgment." Id. (emphasis omitted). Neighbor argues that the whole world will be bound by the order abandoning the Act 250 permit and therefore any person should have party status to seek relief from that order.

¶ 18. Neighbor identifies no decision applying the holding of R.M.S. Titanic outside of the context of an in rem proceeding, and we decline to do so here because it would conflict with Act 250. Party status in Act 250 proceedings is governed by statute and is limited to a list of specific individuals and entities. See 10 V.S.A. § 6085(c) (defining persons entitled to party status); id. § 8504(d) (limiting right to appeal to those who participated in district commission proceeding); see also V.R.E.C.P. 5(d) (setting forth procedure for determining party status on appeal to Environmental Division). Adjoining landowners can be parties if they demonstrate a "particularized interest . . . that may be affected" by the proceeding, 10 V.S.A. § 6085(c)(1)(E), but they must file a petition for party status to assert that interest.[5] Id. § 6085(c)(2). The Legislature has been careful to particularize the parties to an Act 250 proceeding. Party status is specifically defined by statute and does not include "the whole world" as asserted by neighbors.

¶ 19. Neighbor's sweeping contention that nonparties should be allowed to file Rule 60(b) motions in any case where putative parties are not entitled to a Rule 4 summons would effectively allow anyone to intervene after judgment in any environmental appeal. This would ignore important principles of finality; create significant uncertainty over permitting decisions, leaving them open to attack for up to a year and possibly longer under Rule 60(b); and conflict with Act 250 and our precedent governing party status in such cases. For these reasons, we decline to adopt neighbor's proposed interpretation of who is a "party" for purposes of Rule 60(b) in an environmental case.

---

[5] It does not appear from the record that neighbor ever formally petitioned for party status in the abandonment proceeding.

10

¶ 20.     Our conclusion is consistent with prior environmental appeals in which we have strictly construed the procedural requirements for asserting party status, even where there has been an alleged lack of notice to putative parties.  In In re Verizon Wireless Barton Permit, 2010 VT 62, 188 Vt. 262, 6 A.3d 713, two neighbors sought to challenge a permit issued by a town zoning board to install wireless communication antennas.  The environmental court dismissed their appeal, concluding that the neighbors lacked party status because they did not participate in the zoning proceeding or file a proper motion to claim party status based on extraordinary circumstances.  On appeal to this Court, the neighbors argued that they did participate below, and in the alternative, that their lack of participation was due to improper notice of the zoning board hearing.  We affirmed, concluding that the neighbors' acts of calling the zoning administrator and submitting a letter after the zoning board approved the permit application did not constitute participation because they occurred after the permit process concluded.  Id. ¶ 13.  We rejected the neighbors' argument that their lack of participation should be excused because they were interested persons who did not receive proper notice of the hearing before the zoning board.  Id. ¶ 15.  We explained that we lacked discretion "to waive statutory requirements and allow standing for persons outside of the categories created and authorized by statute.  Interested party status alone, without participation, does not qualify for automatic standing to appeal."  Id. (citation omitted).  We also rejected the neighbors' argument that the environmental court should have permitted them to appeal on the ground that the lack of notice was a procedural defect that prevented their participation, because the neighbors did not move for party status in the environmental court as required by rule.  Id. ¶ 20.  Similarly to Verizon Wireless, neighbor's failure to intervene in the abandonment proceeding until after the Environmental Division issued a final order means that she lacks standing to challenge the final order in this case.  See also In re Appeal of MDY Taxes, Inc., 2015 VT 65, ¶ 12, 199 Vt. 248, 123 A.3d 1184 (affirming dismissal of appeal of zoning permit

for lack of party status where putative intervenors had constructive notice of zoning proceeding but did not participate).

¶ 21. We are unconvinced by neighbor's claim that the Environmental Division's decision conflicted with the Rules for Environmental Court Proceedings. Environmental Rule 5(a)(2) states that "[e]xcept as modified by this rule and by subdivisions (b)-(e) of Rule 2, the Vermont Rules of Civil and Appellate Procedure . . . so far as applicable, govern all proceedings under this rule." Nothing in Environmental Rule 2 or 5 modifies Civil Rule 60 in environmental proceedings or renders the rule inapplicable to this case.[6] The general statement in Environmental Rule 1 that "[t]he rules shall be construed and administered to ensure summary and expedited proceedings consistent with a full and fair determination in every matter coming before the court" does not eliminate the procedural requirements of the Civil Rules. "[P]rocedural rules are devices to ensure fairness, uniformity and regularity of treatment to all litigants appearing before the courts, and to be meaningful, they must be enforced." Verizon Wireless, 2010 VT 62, ¶ 21 (quotation omitted). A denial of relief for failure to comply with the plain terms of Rule 60(b) amounts to a "full and fair determination" of the matter because the party has received everything that they are entitled to under the rules. See Bloomer v. Gibson, 2006 VT 104, ¶ 14, 180 Vt. 397, 912 A.2d 424 (explaining that "[t]he court does not abuse its discretion where it enforces the rules of civil procedure equitably"). We therefore see no basis to disturb the decision below.

Affirmed.

FOR THE COURT:

_____
Chief Justice

---

[6] Environmental Rule 4(b), which does not apply here, states that "[n]otwithstanding Rule 60 of the Vermont Rules of Civil Procedure," the Attorney General must file a motion to vacate an assurance of discontinuance within ten days of the order. V.R.E.C.P. 4(b). No other provision in the Rules of Environmental Court Proceedings modifies Rule 60.