STATE OF VERMONT

| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
|---|---|
| | Docket No. 149-11-16 Vtec |

| Mad River Barn Conditional Use App. | Decision on Motions |
|---|---|

**Decision on Motion for Party Status and Motion to Dismiss**

This is an appeal from a conditional use permit issued by the Town of Fayston Development Review Board ("DRB") to Applicant Mad River Barn to construct an event and wedding pavilion and to hold one wedding or other special events per week for the twenty-three weeks that occur from the Memorial Day through Labor Day holidays each year. Appellants, a group of property owners and residents in Fayston,[1] filed this motion for party status together with a notice of appeal and statement of questions. Mad River Barn filed an opposition to the motion, along with a motion to dismiss. The motion for party status and motion to dismiss are now ripe for our review. Appellants are represented by Glenn Howland, Esq.; Mad River Barn is represented by Ronald A. Shems, Esq.; and the Town of Fayston is represented by John H. Klesch, Esq.

**I.      The Participation Requirement and Manifest Injustice**

Standing to appeal a DRB decision is conferred only to "interested person[s]" who have participated in the DRB hearing by "offering, through oral or written testimony, evidence or a statement of concern related to the subject of the proceeding." 24 V.S.A. § 4471(a). We "strictly adhere" to this language, and may not give standing to those falling outside the statutory parameters, even for those with "closely related interests." In re Gulli, 174 Vt. 580, 582 n* (2002) (mem.) (citations omitted). These strict limits on who may appeal a DRB decision are intentionally "designed to limit the number of appeals" concerning land use determinations. Id. (citing Kalakowski v. John A. Russell Corp., 137 Vt. 219, 222 (1979)).

---

[1] Appellants are Edward Sheehan, Noel Carnevale, Elizabeth Stratton Pratt Trust, Mad River Corporation, Charlie Gibbons, Jane Gibbons, Danielle Riggins, and Gary Wulfson. Elizabeth Carter was listed as an appellant at the time the Motion for Party Status was filed, but subsequently filed a notice withdrawing from the appeal.

Appellants acknowledge, and the DRB decision confirms, that they did not participate in the DRB hearing on conditional use review. Therefore, under the terms of § 4471(a), Appellants do not have standing to bring this appeal. Recognizing this, Appellants ask us to grant them the right to appeal pursuant to a statute that allows us to do so where "some condition exists which would result in manifest injustice if the person's right to appeal was disallowed." 10 V.S.A. § 8504(b)(2)(C).

Manifest injustice in the context of § 8504(b)(2)(C) has not been clearly defined by the Supreme Court, although the Court has suggested it is "an exacting and strict standard." In re Appeal of MDY Taxes, Inc. and Village Car Wash, Inc., 2015 VT 65, ¶ 15, 199 Vt. 248.[2]

We rarely grant party status on manifest injustice grounds. Thus, we have held that where notice was properly given and a party failed to participate in the municipal proceedings below, denying party status to appeal the municipal decision does not result in manifest injustice. E.g. Zaremba Group CU - Jericho, No. 101-7-13 Vtec, slip op. at 9–10 (Vt. Super. Ct. Envtl. Div. Apr. 21, 2014) (Walsh, J.); Jolley Assoc. Car Wash, No. 179-12-13 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Mar. 19, 2014) (Walsh, J.); In re Cummings Subdivision, No. 156-9-10 Vtec, slip op. at 17–18 (Vt. Super. Ct. Envtl. Div. Jul. 13, 2011) (Wright, J.).

We have also held, in a few cases, that denying party status, despite a failure to properly participate, would result in manifest injustice. E.g. In re Honora Vineyard Application, No. 279-12-07 Vtec, slip op. at 5 n.8 (Vt. Super. Ct. Envtl. Div. Oct. 31, 2008) (Durkin, J.) (holding that denying the right to appeal for failure to participate in municipal proceedings, where no such proceedings actually took place, would result in manifest injustice); In re Union Bank, No. 7-1-12, slip op. at 5–6 (Vt. Super. Ct. Envtl. Div. Apr. 1, 2013) (Durkin, J.) (holding that although appellant did not raise questions about all Act 250 criteria in the proceeding below and therefore should not have had standing to challenge all criteria on appeal, because appellant was pro se, because she did participate in the hearing below, and because her concerns were closely related to all

---

[2] This case name used by the Vermont Supreme Court has caused us some confusion. This decision, reported at 2015 VT 65, 199 Vt. 248, is in fact the result of the appeal brought by MDY Taxes, Inc. and Village Car Wash, Inc. from this Court's adverse determination in In re: Jolley Assoc. Car Wash, No. 179-12-13 Vtec, (Vt. Super. Ct. Envtl. Div. Mar. 19, 2014) (Walsh, J.). We are left to wonder why the case name was changed when the appeal was presented to the Supreme Court.

criteria in question, denying her permission to appeal all criteria would result in manifest injustice).

Appellants in this case outline two main arguments explaining why denying them the right to appeal will result in manifest injustice. The first relates to the notice that was given about the DRB conditional use review hearing. The second concerns the impact that the permitted use will purportedly have on them and the surrounding area. We review Appellants' arguments in turn.

## II.      Notice

Owners of properties adjoining a property that is subject to development must be given actual written notice of public hearings on that development. 24 V.S.A. § 4464(a)(1)(C). Other members of the public must be given constructive notice by publication in a local newspaper and by posted notice in three or more public locations. Id. § 4464(a)(1)(A) and (B). "The purpose of the notice provisions in 24 V.S.A. § 4464 is to inform interested persons of a proposed action and to give them a reasonable opportunity to express their support or opposition." In re Southern Vermont Beagle Club, 142-9-11 Vtec, slip op. at 6–7 (Vt. Super. Ct. Envtl. Div. Jan. 17, 2013) (Walsh, J.) (citation omitted). Because a failure to give notice may deprive a party of this opportunity, if notice is defective we may grant standing to appeal to a party that would not otherwise have that standing. 10 V.S.A. § 8504(b)(2)(A).

Here, Appellants acknowledge that the notice given conformed with statutory requirements. Nevertheless, Appellants argue the notice was ineffective because they did not see it, and denying them the right to appeal would therefore result in manifest injustice.

Appellants Mad River Corporation, the Elizabeth Stratton Pratt Trust, and Elizabeth Pratt, as president of the corporation and trustee of the trust, own or have "interests in" property abutting the Mad River Barn property. Mot. Party Status at 2. From Appellants' motion, it appears that any problem with these parties receiving notice in a timely manner had to do with internal communication failures with their designated agent.[3] It is not clear whether Appellants argue that this communication gap is grounds for finding manifest injustice; however, to the

---

[3] Elizabeth Pratt is president of Mad River Corporation and Trustee of the Elizabeth Stratton Pratt Trust. Appellants state that notice was sent to Mad River Corporation's accounting firm, and that notice "was [then] delayed in reaching Appellant."

extent that they do make this argument, we disagree. We find no injustice where internal communication breakdowns within a party's organization cause that party to fail to attend a DRB hearing. See In re Town of Killington, 2003 VT 87A, ¶¶ 16–19, 19, 176 Vt. 60 (internal office procedure breakdown not excusable neglect, as matter of law, that would allow untimely-filed appeal); Bergeron v. Boyle, 2003 VT 89, ¶ 22, 176 Vt. 78 (lawyer's vacation and internal office procedure breakdown not excusable neglect).

The remaining Appellants do not own abutting property, but live "in the immediate vicinity" of the Mad River Barn. Mot. Party Status at 2. Because these parties are not adjoining landowners, they are entitled to constructive, rather than actual, notice. 24 V.S.A. § 4464(a)(1)(A) and (B). These Appellants argue that the notice given was "as a practical matter *ineffective* to alert a significant group of residents living or owning property in the immediate neighborhood of the Mad River Barn" about the DRB hearing. Mot. Party Status at 3 (emphasis in original).

The Supreme Court has squarely held that it is not "manifestly unjust to deny [appellants] the ability to appeal where the notice was given as required by law and apprised them of the substance of [the] application." Appeal of MDY, 2015 VT 65, ¶ 17. Appellants present no reason why we should depart from this holding and reach a different conclusion here. Because notice in this case complied with statutory requirements, the purported ineffectiveness of that notice does not give us cause to ignore the participation requirement set out in 24 V.S.A. §4471(a) and grant party status on the grounds of manifest injustice.

### III.    Increased Noise

Appellants next argue that increased noise from the permitted use will disturb them in their homes, and will also disturb wildlife in the area. Appellants present no reason why these concerns could not have been raised at the hearing before the DRB. Appellants had notice of the hearing, either constructive or actual (all in compliance with the applicable statute), and could have participated in the hearing to present these concerns. They chose not do so. To allow them to appeal now simply because they may have had a valid argument to present below "would effectively eviscerate the participation requirement and impermissibly expand the class of persons entitled to seek review of municipal proceedings in the environmental" division. Appeal

4

of MDY, 2015 VT 65, ¶ 12 (citing In re Verizon Wireless Barton Permit, 2010 VT 62, ¶ 7, 188 Vt. 262); see also In re Granville Mfg., Inc., No. 2-1-11 Vtec, slip op. at 11 (Vt. Super. Ct. Envtl. Div. Jul. 1, 2011) (Durkin, J.) ("Simply because a party cannot challenge a [lower body's] decision that the party believes has faulty factual findings or legal conclusions does not evidence manifest injustice").

As with the argument on notice, Appellants' concerns about noise do not constitute a "condition . . . which would result in manifest injustice if the person's right to appeal was disallowed" to justify overriding the participation threshold established by the legislature. 10 V.S.A. § 8504(b)(2)(C). For all these reasons, we conclude that Appellants received the statutorily-compliant notice, but voluntarily chose not to participate in the proceedings below. We find no basis in the facts presented that Appellants suffered a manifest injustice at the hands of some other party or entity. We therefore conclude that Appellants have no standing to prosecute this appeal.

**IV.     Dismissal of Action**

With the determination that none of the Appellants had standing to bring this appeal, we are left with no party to prosecute the challenges presented in this appeal. With this determination that these Appellants lack standing to bring this appeal, there is no party remaining in this proceeding entitled to present a statement of questions. See V.R.E.C.P. 5(f).

This Court's subject matter jurisdiction relies upon the standing of a party to present their claim. Bischoff v. Bletz, 2008 VT 16 ¶ 15, 183 Vt. 235. Applicant has presented its motion to dismiss as based upon a lack of subject matter jurisdiction, pursuant to V.R.C.P. 12(b)(1), since all Appellants' lack standing to present this appeal. In considering such a motion, we view the factual allegations presented in a light most favorable to the non-moving party, Appellants here. See Rheaume v. Pallito, 2011 VT 72 ¶ 2, 190 Vt. 245.

Our analysis here is nearly identical to that employed in Jolley, No. 179-12-13 Vtec, slip op. at 4 (Mar. 19, 2014). As explained above, we conclude that Appellants' failure to participate in the DRB proceedings below was not excusable. Because we deny their motion for party status, we are left without an appellant to maintain this appeal and, absent an appellant with standing,

5

we are without subject matter jurisdiction to hear the appeal from the DRB determination below. We therefore grant Applicant's motion to dismiss the pending appeal.

## Conclusion

For the reasons set out above, we **DENY** Appellants' motion for party status. For similar reasons, we hereby **GRANT** Applicant Mad River Barn's motion to dismiss. As a consequence of these determinations, the October 14, 2016 conditional use approval by the Town of Fayston Development Review Board for Applicant's proposed business expansion remains in full force and effect.

This completes the current proceedings concerning this appeal before this Court. A Judgment Order accompanies this Decision.


Electronically signed on March 08, 2017 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division